J. T. Shields, Special Judge,
delivered the opinion of the Court.
In this case, we hold that the motion entered by the defendant, Cabell, to discontinue the cause as to him, should have been allowed. It is conceded that as to *303 him the process was not regularly; continued from term of term; but it is insisted that the- lapse, or want of continuance, is aided by a demurrer, which was filed in the cause. It appears that at the time the demurrer was filed, the defendant, Cabell, was not before the court, either by personal service of process, or otherwise.
The demurrer was filed by several of the defendants, but we do not hold, that because the word “defendants,” in the plural, is used, it is necessarily implied that it was filed by all the defendants. Such a rule of construction would be exceedingly harsh, and often work intolerable hardship and wrong. It may well be presumed prima facie, and until the contrary be made to appear, that it is the pleading of all the defendants upon whom process has been served; but, on the other hand, it will not be presumed that it is the pleading of a party upon whom process has not been served. To make it the appearance of such a defendant, it must appear clearly, on the face of the pleading, that he joins with the other parties in filing it.
We further hold that the Court erred in not en-orcing “the rule,” on the application of the plaintiffs in error. An affidavit was made, showing that justice required that the witnesses “be put under the rule,” and examined separately. This application should have been granted; for, as we have held, during the present term of this Court, it is always the right of a party to demand this rule, and the duty of the Court, on a proper application, to grant it.†
*304 The jury having retired to consider of their verdict, returned, and requested the attorney of the plaintiff below to state to the Court that they desired “further instructions,” which were given. The jury again retired, returned, announced that they found all the defendants guilty; that they assessed eight hundred dollars damages against the defendants, Miller and Dougherty, jointly, and five thousand dollars damages against the defendants, Hays, Cabell and Wagner, jointly. The Court then directed the jury to take their seats in the jury-box, as their services were needed. The attorney of the plaintiff below, then objected to the verdict; and he remarked that the jury had not understood the charge of the Court; nor what was the effect of their verdict; and he requested the Court to permit the jury to reconsider, under an instruction, that a satisfaction of the judgment on one assessment of damages, would operate in law as a satisfaction of both.† Notwithstanding the defendants below interposed an objection, the Court said that if the jury had not understood him, he would state the law to them to be, that a satisfaction of the smaller judgment would operate to preclude the collection of the larger, and the jury saying that they had not understood the instructions of the Court, were permitted again to retire, and they then returned a joint verdict against all the defendants.
Now, can it be said that this was the verdict of the jury? We think not. They had come to their conclusion, and had agreed that the facts demanded that two of *305 the defendants should pay eight hundred, and the others five thousand dollars. It was not right, in their opinion, that the former should pay more than eight hundred dollars, • and it was their province, on the facts proved, to determine that question. The effect of' such a separate assessment of damages on the pecuniary interests of the plaintiff, was not a question to be considered-in .ascertaining what amount of damages each defendant should pay, where, in the opinion of the jury, separate damages should be assessed. Such an element should not enter into the verdict of a jury. Sound morals, common justice, and the law of the land, alike prohibit it. The verdict of the jury as originally returned, was their de*-liberate view of the justice of the case, and no one had any right to interfere with their conclusions. JSTo one is authorized to assume that a- jury has not understood the instruction of the Court, when their verdict is legal in form and substance; and it is the imperative . and solemn duty of the Court to see that such a verdict is entered as it is rendered. The verdict upon which the judgment was pronounced in this cause, was not the verdict of the jury. And we hold that any such interferance on the part of the Court, as well as re-assembling the jury, and directing them again to retire after they have once rendered their verdict, and been discharged, is error, for which this Court will reverse the judgment, and award a new trial.
It is argued before. us with much ability and force of reasoning, that the ruling of the Court below, as to the proper measure of damages in an action of an assault and battery, and false imprisonment,, was erroneous; that *306 the damages given should be by way of compensation alone, for the injury actually received or loss sustained, and that vindictive or exemplary damages should not be allowed. It is obviously true that a man should not be compensated for that which he never had, or for any injury that was never done him, and that, on the other hand, a man should not pay or suffer for a thing that- he has not done. We should be much inclined to give our assent to the propositions of the plaintiffs in error, were that question an open one in this State. But such is not the case. The doctrine that, in cases where the elements of fraud, malice or gross negligence or oppression, enter into the injury, the interest of society, and the aggrieved party are blended; and that the jury in such cases may award exemplary damages, has been too long enforced in our lower Courts, and too often construed by this Court, to be now disturbed.†
The judgment will be reversed as to Casper T. Cabell, and his motion to discontinue will be allowed.
The judgment will also be reversed as to the other •plaintiffs in error, and the cause remanded for another trial.

 See Rainwaters v. Elmore, post —.

 See Davis v. Chance, 2 Yer.. 94; McDaniel v. Waggoner, 1 Tenn., 252; Saund. R., 207-207a., n. 2;

 See Johnson v. Perry, 2 Hum., 569; Wilkins v. Gilmore, Id., 140; Polk v. Fancher, 1 Head, 336; Byram v. McGuire, 3 Head., 530; Smith v. Eakin, 2 Sneed, 436; Carter v. Peck, 4 Sneed, 208.